1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ANTOINE JARJOUR and ROULA JARJOUR,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNITRIN AUTO AND HOME INSURANCE COMPANY,<br><br>                    Defendant. | CASE NO. C13-2227-JCC<br><br>ORDER |

     This matter comes before the Court on Defendant's motion to compel (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS IN PART the motion for the reasons explained herein.

## I.  BACKGROUND

     This is an insurance case related to water damage at Plaintiffs' home. After a storm in November 2012, Plaintiffs filed a claim for water damage with Defendant Unitrin Insurance Company ("Unitrin"). During an investigation of the damage, the contractor discovered significant water damage, the source and extent of which is unknown or disputed. Unitrin paid some amount for water damage resulting from the storm. Plaintiffs, however, allege that Unitrin insufficiently investigated the scope of the water damage. (Dkt. No. 1, Ex. 2.) Plaintiffs filed an

ORDER
PAGE - 1

1  action in state court, which Unitrin removed to federal court in December 2013. (Dkt. No. 1.)

2  Defendant served discovery requests in February 2014, and Plaintiffs responded to them

3  on March 28, 2014, the same day that the parties had a Rule 26(f) conference. (Dkt. No. 13 at 3.)

4  On April 22, 2014, the parties attended a status conference and trial was set for April 13, 2015.

5  (Dkt. No. 9.) On April 23, 2014, Defendant provided Plaintiffs with a copy of its claim file.

6  Many of Plaintiffs' interrogatory responses stated that Plaintiffs' investigation was

7  "ongoing," listed several sources of information that Plaintiffs believed would assist in making

8  the determinations, and stated that "Plaintiffs plan to supplement this answer as more

9  information becomes available." Defendants have filed a motion to compel "full and complete

10  substantive responses to Unitrin's interrogatories within five (5) business days" and sanctions of

11  $3,500 for failure to provide responses earlier. (Dkt. No. 11 at 7.)

12  ## II.   DISCUSSION

13  A party requesting discovery may move for an order compelling such discovery. Fed. R.

14  Civ. P. 37(a)(1). The Federal Rules strongly encourage parties to resolve discovery disputes

15  privately and discourage them from seeking needless court intervention.

16  Defendant complains about Plaintiffs' boilerplate responses to Interrogatories 1, 2, 3, 4,

17  5, and 7. These interrogatories seek a description of the allegedly covered damage, an

18  identification of the relevant policy provisions, and descriptions of the relevant acts of bad faith

19  and CPA violations. (Dkt. No. 11 at 5–6.) Plaintiff argues that the primary issue in this case is

20  Defendant's failure to investigate and that Plaintiff is now in the process of doing the

21  investigation that should have been completed by Defendant. (Dkt. No. 13 at 6.) In particular,

22  Plaintiff notes that the cause of some rot and mold—which appears to be one of the primary

23  topics about which Defendant seeks clarification—may be a plumbing leak, and that an internal

24  email in Defendant's claims file provides some support for investigating this possibility. (Dkt.

25  No. 13 at 4.)

26  Having reviewed the responses identified by Defendant, the Court agrees that they are

insufficient and that Plaintiff must provide greater detail. The Court GRANTS the motion to compel and DIRECTS Plaintiff to fully supplement the answers within ninety (90) days. The Court DENIES Defendant's request for sanctions.

**III.     CONCLUSION**

     For the foregoing reasons, Defendant's motion to compel (Dkt. No. 11) is GRANTED.

     DATED this 18th day of July 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3